# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

GURNEK SINGH and PAWAN DEEP KAUR,

    Plaintiffs,

v.

US DEPARTMENT OF STATE and MICHAEL R. POMPEO, in his official capacity as Secretary of State,

    Defendants.

C18-1210 TSZ

ORDER

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment, docket no. 17 and Plaintiffs' Cross Motion for Summary Judgment, docket no. 20. Having reviewed all papers filed in support of and in opposition to the motions, as well as documents submitted for *in camera* review, the Court enters the following order.

**Background**

In late 2010, Plaintiff Gurnek Singh filed an I-130 Petition for Alien Relative on behalf of his wife, Plaintiff Pawan Deep Kaur. Ex. 2 to Stein Decl. (docket no. 18-2 at 2). By letter dated December 21, 2015, the U.S. Embassy in New Delhi informed Plaintiff Kaur that she was found ineligible for an immigrant visa under Immigration and Nationality Act ("INA") § 212 (a)(3)(b). *Id.* at 18-19.

ORDER - 1

By fax dated February 19, 2017, Plaintiffs submitted a Freedom of Information Act ("FOIA") request seeking:

> Any and all documents or information regarding the December 2015 denial of an immigrant visa for [Pawan Deep Kaur] for being found ineligible under the following section of the Immigration and Nationality Act of the United States: INA 212(a)(3)(b) – Security-Related Grounds, Terrorism.

*Id.* at 2.

On February 19, 2018, the Office of Information Programs and Services of the Department of State ("IPS") informed Plaintiffs that it had located 94 responsive records. Ex. 6 to Stein Decl. (docket no. 18-6). Defendants informed Plaintiffs that it would release 38 of the documents in full, but that it was withholding 47 of the documents in full and 9 of the documents in part. *Id.* On March 26, 2019, IPS informed Plaintiffs that it had located 11 additional responsive documents, of which it would release four in full, five in part, and withhold two entirely. Ex. 7 to Stein Decl. (docket no. 18-7).

On August 16, 2018, Plaintiffs filed this action, alleging that "[t]o date no documents have been produced." Complaint ("Compl.") ¶ 2. Plaintiffs seek to compel Defendants to conduct a search for any and all responsive records to the FOIA request, demonstrate that Defendants employed search methods reasonably likely to lead to the discovery of records, produce a *Vaughn* index, and enjoin Defendants from withholding any non-exempt responsive records. Docket no. 1 at 9. Plaintiffs also seek declaratory relief that the Defendants violated FOIA by failing to produce non-exempt records responsive to Plaintiffs' FOIA request within the twenty-day time period set forth in 5 U.S.C. § 552(a)(6)(A)(i). After Defendants answered the complaint in November 2018, Defendants produced some documents pursuant to Plaintiffs' February 2017 FOIA

ORDER - 2

request.[1] Plaintiffs now seek the production of other documents that have not been produced.

Both parties have moved for summary judgment on the sufficiency of the Defendants' search, the adequacy of Defendants' *Vaughn* index, and the applicability of the exemptions justifying the withholding of responsive documents. Plaintiffs seek to require Defendants to conduct a search of responsive documents and demonstrate that the withheld documents fall within a valid exemption, or in the alternate, request that the Court view the documents *in camera* to determine whether the withheld documents fall within the stated exemptions.

By minute order dated October 25, 2019, the Court ordered Defendants to supplement the *Vaughn* descriptions for documents numbered 13-14, 36-49, and 52-55.[2] Docket no. 24. The Court further ordered Defendants to produce those documents *in camera* and under ex parte seal for the Court's review. *Id.*

**FOIA Motion for Summary Judgment**

FOIA disputes may be—and often are—resolved via motions for summary judgment. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008); *Shannahan v. I.R.S.*, 637 F. Supp. 2d 902, 912 (W.D. Wash. 2009). Facts are rarely in dispute in a

---

[1] The exact date of Defendants' production of the responsive, non-exempt documents is unclear. In the November 16, 2018 Answer, Defendants "admit[ted] that no documents have been produced." Answer ¶ 2 (docket no. 9 at 2). In Plaintiffs' Reply, Plaintiffs state that Defendants began to produce documents "three months after this litigation commenced." Docket no. 23 at 2. The Court therefore concludes that Defendants began to produce documents in November 2018 at some point after filing the Answer.

[2] All document numbers in this Order refer to the numbering scheme set forth in Defendants' *Vaughn* index. *See* Ex. 1 to Stein Decl. (docket no. 18-1).

ORDER - 3

FOIA case. *Minier v. Cent. Intelligence Agency*, 88 F.3d 796, 800 (9th Cir. 1996). Thus, the standard for summary judgment in a FOIA case generally requires a two-step inquiry. The burden of proof for both inquiries is on the Government, and the Court reviews the Government's response to the FOIA request on a de novo basis. 5 U.S.C. § 552(a)(4)(B).

The Court must first determine whether the Government fully discharged its obligations under FOIA by establishing that it conducted a search "reasonably calculated" to uncover all responsive documents. *Zemansky v. U.S. Envtl. Prot. Agency*, 767 F.2d 569, 571 (9th Cir. 1985) (citing *Weisberg v. United States Dep't. of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). This can be shown with "reasonably detailed, nonconclusory affidavits submitted in good faith." *Id.*

Then, the Court must decide if the information that the Government did not disclose falls within a FOIA exemption. 5 U.S.C. § 552(b)(1)-(9). The Government may satisfy this burden with a *Vaughn* index describing the withheld material, explaining the reasons for non-disclosure, and demonstrating that reasonably segregable material has been released, all with reasonable specificity. *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 778-79 (9th Cir. 2015). *Vaughn* indexes are given a presumption of good faith. *Id.* at 772.

**Discussion**

**I.    Unreasonable Delay**

Plaintiffs allege that "Defendant[s] [have] violated FOIA by failing to produce any and all non-exempt records responsive to Plaintiff[s'] FOIA request within the twenty (20) day time period set forth in 5 U.S.C. § 552 (A)(6)(a)(i)." Compl. ¶ 33.

It is undisputed that Defendants failed to make a determination regarding Plaintiffs' administrative appeal by the deadline set forth in 5 U.S.C. § 552. However, even if the delay—which lasted at least one year—is sufficiently egregious to justify relief, Plaintiffs' remedy is limited to declaratory relief that Defendants violated the statute and to Plaintiffs' ability to seek judicial review in this Court. *See, e.g.*, *Munger, Tolles & Olson LLP ex rel. Am. Mgmt. Servs. LLC v. U.S. Dep't of Army*, 58 F. Supp. 3d 1050, 1054 (C.D. Cal. 2014) (granting declaratory relief for "[a] total unjustified delay of over a year" after failing to respond to an appeal); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 189 (D.D.C. 2013) ("If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court."). Because Plaintiffs have already filed this action, any violation of the time requirement is moot, and no further declaratory relief is appropriate.

**II.     Reasonably Calculated Search**

Plaintiffs allege that Defendants failed to conduct a search reasonably calculated to uncover responsive documents. Docket no. 1 at 9. As Plaintiffs now acknowledge,[3] Defendants have now submitted affidavits showing that they conducted a reasonably calculated search. Stein's Second Declaration, docket no. 22, explains "in reasonable detail and in a non-conclusory fashion, [] the scope and method of the agency's search." *See Beltranena v. U.S. Dep't of State*, 821 F. Supp. 2d 167, 175-76 (D.D.C. 2011). The

---

[3] Plaintiffs' Reply states, "Plaintiffs appreciate Defendants' willingness to clarify the *Vaughn* Index with a separate index and a more detailed explanation of their search efforts." Docket no. 23 at 4.

ORDER - 5

Declaration explains how Defendants evaluated Plaintiffs' FOIA request, lists the different sources of data Defendants searched, and explains why those records systems were the most likely to produce responsive documents. The Declaration is sufficient to meet Defendants' burden under FOIA.

Plaintiffs further contend that Defendants failed to conduct a reasonable search because Plaintiffs know of the existence of several documents not produced or included in Defendants' *Vaughn* index, such as Plaintiff Kaur's immigrant visa application and Plaintiff Singh's application for asylum or permanent residence. Plaintiffs' Cross-Motion for Summary Judgment, docket no. 20 at 12-13. Plaintiffs' FOIA request asked for any and all documents or information regarding the December 2015 denial of an immigrant visa. Thus, Plaintiff Kaur's immigrant visa application and Plaintiff Singh's asylum or permanent residence applications would not have been responsive to the request.

**III. FOIA Exemption 3**

The Court must determine whether the information the Government did not disclose falls within a FOIA exemption. *Civil Beat Law Ctr. for the Pub. Interest, Inc. v. Centers for Disease Control & Prevention*, 929 F.3d 1079, 1084-85 (9th Cir. 2019); 5 U.S.C. § 552(b)(1)-(9). Here, Defendants invoked FOIA Exemption 3 for all documents withheld in full. FOIA Exemption 3 exempts from disclosure information that is protected by a separate statute, provided that the statute, "(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3)(A). 8 U.S.C. § 1202(f) qualifies as an

exempting statute under Exemption 3. *See Wiener v. F.B.I.*, 943 F.2d 972, 982 (9th Cir. 1991).

8 U.S.C. § 1202(f) prohibits the disclosure of material "pertaining to the issuance or refusal of visas or permits to enter the United States." 8 U.S.C. § 1202(f). The FOIA request's own language requests documents that would normally fall within the ambit of 8 U.S.C. § 1202(f).[4] Plaintiffs do not dispute that 8 U.S.C. § 1202(f) is a withholding statute, rather they contend that Defendants' *Vaughn* index and the Defendants' supporting declarations provide insufficient information for Plaintiffs and this Court to determine whether the withheld documents fall within the scope of the statute. Thus, the only issue is whether the requested material falls within the scope of the statute.

The *Vaughn* index, to which the Court affords a presumption of good faith, describes documents 1-12, 15-35, 50-51, and 56-62 in a manner sufficiently detailed to show that those documents were properly withheld under Exemption 3 because they pertain to the issuance or refusal of a visa to enter the United States.[5] By minute order dated October 25, 2019, docket no. 24, the Court requested a review of the remainder of the documents (numbered 13-14, 36-49, and 52-55) *in camera* because the Court could not determine, based on the *Vaughn* index alone, whether those documents were also

---

[4] The Court rejects Plaintiffs' alternative argument that Defendants improperly withheld documents under Exemption 3 because Plaintiff Kaur's visa was "revoked." Plaintiffs have produced no evidence supporting a contention that a visa was issued and then revoked. The plain language of Plaintiffs' FOIA request only sought documents related to the December 2015 "denial" of an immigrant visa.

[5] Defendants' submission of an additional chart clarifying the exemptions that apply to each document also resolves any ambiguity regarding which exemptions apply to certain documents. Ex. 1 to Stein Second Decl. (docket no. 22-1).

properly withheld under Exemption 3. The Court has now reviewed the remainder of the documents and determined that those documents were also properly excluded under Exemption 3.[6]

The Court therefore GRANTS Defendants' Motion for Summary Judgment.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendants' Motion for Summary Judgment, docket no. 17, is GRANTED.

(2) Plaintiffs' Cross Motion for Summary Judgment, docket no. 20, is DENIED.

(3) The Clerk is directed to enter judgment consistent with this Order, to CLOSE this case, and to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 15th day of January, 2020.

*(signature)*

Thomas S. Zilly
United States District Judge

---

[6] Because Defendants claimed Exemption 3 for all documents withheld in full, the Court does not address whether any of the other exemptions apply. Defendants claimed Exemptions 3, 6, and 7 for documents withheld in part, documents numbered 13 and 14. The Court has also reviewed those two documents *in camera* and determined that the partial withholdings on those two documents were proper under Exemption 3 alone.

ORDER - 8